United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30255
Conference Calendar

DARRELL JOHNSON,

Plaintiff-Appellant,

versus

RAYMOND C. BIGELOW, District Court Judge Section "I",
Orleans Criminal District Court,

Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-6647
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Darrell Johnson, Louisiana prisoner # 114419, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Johnson's motion to appeal IFP and certified that the appeal was not taken in good faith. By moving for IFP, Johnson is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson argues that the district court erred in dismissing his 42 U.S.C. § 1983 suit because Judge Bigelow is not judicially immune from claims for equitable relief and for attorney's fees. He also argues that federal courts, via § 1983, may address unconstitutional actions taken by state courts by awarding injunctive relief.

Johnson is correct that judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions. See Holloway v. Walker, 765 F.2d 517, 525 (5th Cir. 1985). The dismissal of his claims for such relief was nevertheless appropriate as the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties. See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973). Johnson's request for attorney's fees pursuant to 42 U.S.C. § 1988, which allows a district court, in its discretion, to award attorney's fees to a prevailing party in a § 1983 action, was also properly dismissed as Johnson did not prevail in his § 1983 suit. See § 1988.

As Johnson has not shown that the district court's dismissal of his appeal was incorrect, his request for IFP is denied and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The district court's dismissal of his § 1983 suit and this court's dismissal of this appeal as frivolous each count as strikes for purposes of 28 U.S.C.

§ 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Johnson is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.